**SMOKY GREENHAW COTTON CO., INC. and John C. Greenhaw, Plaintiffs,**

v.

**MERRILL LYNCH PIERCE FENNER & SMITH, INC., Charles D. Scott and Margaret Scott, Defendants.**

**Civ. A. No. MO–82–CA–131.**

United States District Court, W.D. Texas, Midland/Odessa Division.

June 18, 1986.

David Greenhaw, Odessa, Tex., for plaintiffs.

Michael Stewart, Shannon, Gracey, Ratliff & Miller, Fort Worth, Tex., Kenneth E. Johns, Jr., Vinson & Elkins, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

BUNTON, District Judge.

On remand, 785 F.2d 1274 (5th Cir.1986), the specific question before this court is the applicability *vel non* of the analysis of *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), to the plaintiffs' RICO claim. Although *Mitsubishi Motors* arose in an international context, this court finds that its analysis is applicable to domestic, *e.g.*, RICO claims.

In *Ross v. Mathis*, 624 F.Supp. 110 (N.D. Ga.1985), the district court, holding that RICO claims are subject to arbitration under the Federal Arbitration Act, stated:

Unlike [the Securities Act of 1933 and the Securities Exchange Act of 1934], RICO does not include a non-waiver provision. Nothing in RICO shows Congress' intent to 'preclude a waiver of

judicial remedies.' *Mitsubishi*, 105 S.Ct. at 3355. Thus, RICO claims may be arbitrated....

[T]he Court in *Mitsubishi* has indicated the paramount importance of the Arbitration Act by requiring any other statute claiming to override it to clearly indicate that intent. *Mitsubishi*, 105 S.Ct. at 3353–55. These factors demonstrate that absent contrary Congressional intent, statutory claims are arbitrable.

624 F.Supp. at 116–17.

Likewise, in *Brener v. Becker Paribas, Inc.*, 628 F.Supp. 442 (S.D.N.Y.1985), the district court, holding that the plaintiff's RICO claims were arbitrable, stated:

[T]here is a strong policy in favor of arbitration, and courts are reluctant to disregard the parties' express agreement to arbitrate. In light of this, and absent any indication that Congress intended to prohibit the arbitration of RICO claims, the Court concludes that RICO claims are arbitrable.

Arbitration agreements should be enforced unless Congress indicates that a waiver of judicial remedies is prohibited. *See Mitsubishi*, 105 S.Ct. at 3355. RICO does not include an antiwaiver provision, and there is no indication that Congress intended to exempt civil RICO claims from the dictates of the Arbitration Act.

The parties here agreed to arbitrate any claims arising from their transactions, and the plaintiff's RICO claims arose from those transactions. If arbitration of such claims is to be prohibited, it must be done by Congress, not the Court.

628 F.Supp. at 449–51 (citations omitted).

The court is mindful that the district court's opinion in *Brener v. Becker Paribas, Inc., supra*, is not controlling authority within the Second Circuit by reason of the Court of Appeals' ruling in *McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94 (2nd Cir.1986), that RICO claims are non-arbitrable. The Fifth Circuit has not addressed this issue but rather has left the task for this court.

In *McMahon v. Shearson/American Express, Inc., supra,* the Second Circuit (in holding RICO claims to be non-arbitrable) relied upon its prior reasoning in *American Safety Equipment Corp. v. J.P. Maguire & Co.,* 391 F.2d 821 (2nd Cir.1968), that strong public policy in enforcement of the antitrust laws precluded arbitration. The *McMahon* court concluded that similar policies were present with respect to RICO claims, and that RICO claims should be held to be non-arbitrable. 788 F.2d at 98. In reaching this conclusion, the court attempted to distinguish *Mitsubishi Motors,* stating that that case has significance only in international disputes and does not impact on the *American Safety* doctrine as applied to domestic disputes. *Id.*

The court agrees with the defendants that the Second Circuit's conclusion that the viability of the *American Safety* doctrine remains intact after *Mitsubishi Motors* is unsupported by the Supreme Court's opinion.

The Supreme Court in *Mitsubishi Motors* concluded that concerns for international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes required arbitration of the claims at issue. 105 S.Ct. at 3355. However, the Court determined the proper analysis for determining whether *any* federal statutory claim is exempt from mandatory arbitration under the Federal Arbitration Act and expressed "skepticism of certain aspects of the *American Safety* doctrine." 105 S.Ct. at 3355, 3357–60.

I conclude that the analytical framework set out in *Mitsubishi Motors* should not be strictly limited to situations involving international disputes and is equally applicable to domestic statutory claims. Absent an express congressional intent in either the text or legislative history, a federal statutory cause of action will not be exempt from mandatory arbitration under the Federal Arbitration Act.

Plaintiffs rely on policy considerations of speed, cost and efficiency in contending that arbitration should not be compelled in this case. This court has a keen sense of appreciation for such considerations and the resolution of this cause is not inconsistent therewith.

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1. The motion for stay pending arbitration and to compel arbitration is GRANTED.

2. This Order granting defendants' motion for stay and to compel arbitration shall be STAYED upon the timely filing of a notice of appeal.

3. Should notice of appeal not be timely filed, the parties shall, within sixty (60) days of the filing of this Order, submit a written report setting forth the status of the arbitration proceeding.

4. The Clerk of Court is directed to indicate that this case is closed for administrative purposes.